UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| JERRY E. ZELASKO, JR., | ) | Civil Action No. 5:13-cv-1454-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, by her attorneys, William N. Nettles, United States Attorney for the District of South Carolina, and Barbara M. Bowens, Assistant United States Attorney, has moved this court, pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings.

Further administrative action is warranted in this case. The ALJ's finding that Plaintiff's allegations were not entirely credible rested in large part on gaps in Plaintiff's medical treatment and on Plaintiff's purported failure to seek low-cost medical treatment. However, Plaintiff testified that he did not seek more regular medical treatment because he lacked insurance and could not afford to pay for it, and he also reported that he in fact sought and received treatment from low-cost medical provider Sea Island Medical Center. Tr. 138-139, 342. Those allegations are supported by the record. Tr. 230, 242, 303. Thus, the ALJ improperly based her adverse credibility finding on a factual error regarding Plaintiff's pursuit of low-cost medical treatment. Tr. 19. Remand is warranted for a re-evaluation of Plaintiff's credibility.

Additionally the ALJ should have obtained opinion evidence from a medical expert regarding the appropriate onset date for Plaintiff's disability. Social Security Ruling (SSR) 83-20 stresses that the determination of the onset date "must have a legitimate medical basis" and

that with slowly progressive impairments, "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *See* SSR 83-20, 1983 WL 31249.  State agency reviewing physician Dr. Katrina Doig concluded that Plaintiff satisfied the requirements of listing 6.02 as of January 2008, only four months after Plaintiff's insured status expired, based on a laboratory result measuring Plaintiff's creatinine level at 7.0. Tr. 315.  Listing 6.02C indicates that a persistent elevation of creatinine of 4mg/dL or greater satisfies the introductory portion of the listing.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1 at § 6.02C.  Dr. Doig noted creatinine levels of 2.3 in June 2006, Tr. 292; 2.5 in July 2006, Tr. 287; and 2.8 in November 2006, Tr. 160, 315.  Those measurements show a consistent upward trajectory, one culminating in a reading of 7.0 in January 2008, Tr. 315, and then of 9.0 in March 2008, Tr. 227.  There are no measurements from 2007, but given the consistently upward path of Plaintiff's creatinine levels, it seems possible and perhaps likely that the levels crossed the listing level threshold of 4.0 sometime in 2007.  SSR 83-20 provides pertinent guidance in this circumstance, explaining that "[p]articularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity … before onset can be established.")  Inasmuch as the evidence raises at least the significant possibility that Plaintiff was disabled before his insured status expired, a medical advisor should be obtained to elicit the expert's opinion on the appropriate onset date.  *See* SSR 83-20.

On order of the court, this case will be remanded to the Appeals Council.  The Appeals Council will remand the case to an ALJ with instructions to update the record and offer Plaintiff a new hearing.  The ALJ will also be instructed to reassess Plaintiff's credibility in light of his treatment with the low-cost medical provider, Sea Island Medical Center.  The ALJ will obtain medical expert evidence concerning the onset date for Plaintiff's disability.  If necessary, the ALJ will reassess the Plaintiff's RFC and will proceed through the sequential evaluation process

before issuing a new decision.  The ALJ will obtain vocational expert testimony if necessary.

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request for remand of this action for further proceedings, this court hereby

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a **REMAND** of the cause to the Commissioner for further administrative proceedings as set out above.[1]  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

**AND IT IS SO ORDERED.**

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 5, 2014

---

[1] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.